# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | Ian H. Levin |
|---|---|---|---|
| **CASE NUMBER** | 00 C 2788 | **DATE** | 8/28/2000 |
| **CASE TITLE** | Kolstad vs. American Dental Assn | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **Enter memorandum opinion and order. Motion to adjudicate Illinois National and Joseph Smick in civil contempt and for sanction is hereby denied. Status hearing date of 8/31/00 is vacated. All matters relating to the referral of this action having been resolved, the case is returned to the assigned judge.**

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 3 number of notices | Document Number |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | 8-30-00 date docketed | |
| | Notified counsel by telephone. | | | 46 |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | ED-7 FILED FOR DOCKETING | 8/29/2000 date mailed notice | |
| ✓ | Copy to judge/magistrate judge. | | | |
| SM | courtroom deputy's initials | 00 AUG 29 PM 4:55 | SM mailing deputy initials | |
| | | Date/time received in central Clerk's Office | | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CAROLE KOLSTAD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 00 C 2788 |
| v. ) | |
| ) | Judge Elaine E. Bucklo |
| AMERICAN DENTAL ASSOCIATION, ) | |
| ) | Magistrate Judge Ian H. Levin |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

DOCKETED
AUG 30 2000

### ISSUE

At issue before the court is Plaintiff Carole Kolstad's ("Kolstad") Motion to Adjudicate Illinois National and Joseph Smick in Civil Contempt and for Sanctions. For the reasons set forth below, Plaintiff's Motion is denied.

### BACKGROUND

On June 16, 2000, District Judge Bucklo entered an Order directing Illinois National Insurance Company ("Illinois National") to produce, by June 21, 2000, all documents in its possession or control that are responsive to Kolstad's subpoena of April 13, 2000.[1] Said subpoena requested:

> All employment practice audits, examinations, investigations, analyses, recommendations, directions or instructions pertaining or relating to the ADA

---

[1] The documents sought by Kolstad's subpoena relate to her claim for punitive damages against the American Dental Association ("ADA") in a pending Title VII litigation in federal court in Washington, D.C. The ADA is the insured under an indemnification policy issued by Illinois National that provides coverage for liability arising from the ADA's employment practices.

employment practices and policies prepared or received in advance of or subsequent to the period covered by Endorsement #14.

On June 21, 2000, defense counsel delivered 252 pages of documents on behalf of Illinois National, and purportedly in compliance with the June 16 Order. The dispute herein centers around whether or not these 252 pages were responsive to Kolstad's subpoena.

## ANALYSIS

It is Plaintiff's position that the 252 pages delivered by Defendant, which consisted exclusively of: (1) forms completed by the ADA incident to renewals of its insurance policy; and (2) various court complaints and administrative charges of employment discrimination together with letters of transmittal from the ADA to its insurer, do not include all responsive documents. Plaintiff believes that the 252 pages do not include several categories of responsive documents previously described as existing by Illinois National and by its coverage counsel, Joseph M. Smick, Esq. ("Smick")

According to an April 28, 2000 letter sent by Mr. Smick to Joseph Yablonski, counsel for Plaintiff, documents responsive to paragraph one of Plaintiff's subpoena included correspondence between Illinois National's coverage counsel and: (1) Illinois National; and (2) the ADA's defense counsel. The 252 pages delivered by Defendant did not include any such correspondence. Mr. Smick's letter to Mr. Yablonski also stated that documents responsive to Plaintiff's subpoena consisted of "two general files at Illinois National, as well as a general file at the office of its coverage counsel." The 252 pages delivered by Defendant did not include any such correspondence. Illinois National also allegedly represented that documents responsive to

2

the subpoena included privileged documents and work product, however, the 252 pages included no such documents.

On June 22, 2000, Plaintiff's counsel, Daniel Edelman, wrote a letter to Illinois National counsel Brian Riorda detailing the contradictions between the proffered 252 pages as well as all responsive documents and the prior representations of Illinois National and Mr. Smick. Mr. Smick responded to the letter addressed to Mr. Riordan, stating that the 252 pages constituted all responsive documents.

Mr. Edeleman then wrote a letter to Mr. Smick directly, requesting itemizations of the documents referenced in Mr. Smick's April 28 letter to Mr. Yablonski. Mr. Smick replied, stating that Illinois National had produced all responsive documents. Plaintiff argues that the contradiction between what Mr. Smick said in his original letter to Mr. Yablonski and what he said in his responsive letter to Mr. Edelman supports her position that Joseph Smick should be held in contempt and sanctioned. This court disagrees.

Plaintiff's attack on Illinois National is founded on the allegation that it has failed to produce all documents responsive to Plaintiff's subpoena. Specifically, Plaintiff maintains that Illinois National has failed to produce the documents described in Mr. Smick's April 28 letter to Mr. Yablonski. Illinois National's response is that no additional responsive documents exist. Plaintiff claims that this answer is belied by prior representations by Illinois National as well as those by Mr. Smick. This court disagrees.

Illinois National's response to Plaintiff's Motion is simple: all of the documents in Illinois National's possession that Plaintiff actually requested in her subpoena have been turned over to Plaintiff's counsel. When Illinois National was originally served with the subpoena, it

3

determined that documents responsive to the subpoena were maintained in three large files located at the Illinois National offices in New York and at the offices of the law firm of Peabody & Arnold in Boston. Illinois National and the ADA asserted and continue to stand on the belief that a blanket privilege applies to each of the three files. However, the court determined that no such privilege applied, and Illinois National was ordered to produce all documents responsive to Plaintiff's subpoena. Illinois National's position is that it has produced all documents requested by the subpoena, which include all audits, examinations, investigations, analysis, recommendations, directions or instructions pertaining or relating to ADA's employment practice and policies prepared or received in advance or subsequent to the period covered by Endorsement #14. Illinois National has repeatedly told Plaintiff's counsel that there are no other documents in its possession responsive to Plaintiff's subpoena request(s).

Illinois National has attached to its response, the affidavit of attorney Michael Duffy of the law firm of Peabody & Arnold.[2] Mr. Duffy's affidavit specifically sets forth which document files were reviewed by his firm and identifies which documents were produced to Plaintiff pursuant to each of Plaintiff's subpoena requests. Illinois National does not dispute that Mr. Smick responded to Mr. Yablonski that responsive documents were contained in three large files. However, it is Illinois National's position that Mr. Smick never stated or implied that every document in those three large files was responsive to the subpoena. As is pertinent here, Illinois National states, through Mr. Duffy's sworn affidavit, that it has turned over all documents in its

---

[2]Mr. Duffy has stated that Mr. Smick is no longer a partner at Peabody & Arnold and that Mr. Duffy has assumed primary responsibility for this matter. Mr. Smick was never served with this Motion as he left Peabody & Arnold on June 30, 2000 (the Motion was filed on July 3, 2000).

4

possession responsive to Plaintiff's subpoena production request(s). Moreover, upon review, the court concurs with Illinois National that the other disputed items mentioned in Smick's April 28 letter are not within the scope of the subject subpoena.

In these circumstances, based on the sworn affidavit of Michael Duffy and the representations of Illinois National herein, this court finds that all responsive documents to the subject subpoena in the possession of Illinois National have already been produced.

## CONCLUSION

In view of the foregoing, Plaintiff's Motion to Adjudicate Illinois National and Joseph M. Smick, Esq. in Civil Contempt and for Sanctions is denied.

**ENTER:**

*[signature]*

**IAN H. LEVIN**
**United States Magistrate Judge**

Dated: August 28, 2000